UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X                                    **C/M**

EDWIN OSORIO,                                              :
                                                          :
                    Plaintiff,                            :
                                                          :     **MEMORANDUM DECISION**
          - against -                                     :     **AND ORDER**
                                                          :
ANDREA WILDNER, *et al.*,                                 :     20-cv-42 (BMC) (SMG)
                                                          :
                    Defendants.                           :
                                                          :
------------------------------------------------------------- X

**COGAN**, District Judge.

        Plaintiff *pro se* brings this action under the Federal Service Labor-Management Relations

Statute ("FSLMRS"), 5 U.S.C. § 7101 *et seq.*, and the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2671 *et seq.*  He alleges that defendants, his supervisors, retaliated against him for his

involvement in a labor union and also caused him to suffer emotional distress after their constant

work-related harassment and intimidation.[1]  Before me is defendants' motion to dismiss the

complaint under Fed. R. Civ. P. 12(b)(6).  Because plaintiff failed to exhaust his administrative

remedies, the Court lacks jurisdiction over his claim arising under the FSLMRS and the claim is

therefore dismissed.  As to the FTCA claim, since plaintiff is a federal employee, he may only

proceed, if at all, under Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et*

*seq.*, but he has not obtained the required determination by the Secretary of Labor that he may do

so.  I will therefore stay the case pending a determination of FECA coverage by the Secretary or

his designee.

---

[1] Plaintiff has expressly stated in his opposition that he is not bringing a claim under the Rehabilitation Act, 29
U.S.C. § 701, *et seq.*

**BACKGROUND**

Plaintiff, who is legally blind, has been employed by the Social Security Administration ("SSA") since 1999.  For the past 18 years, he has never had any disciplinary issues at work and maintained a pristine employment record.  This suddenly changed after he was elected president of a local union comprised of fellow federal government employees in 2017.

After plaintiff was elected president of the union, his SSA supervisors, Laverne Clarke-Wilkinson, Tracie Alston, Andrea Wilder, and John D'Agostino (collectively, "defendants"), began to harass and intimidate him.  Specifically, they began to bring disciplinary actions against him without cause and denied him reasonable accommodations for his visual impairment.  There is also an allegation that defendants committed a tort against plaintiff through their campaign to harass and "assault" him, causing him to suffer emotional distress "akin to PTSD."  Although plaintiff contends defendants' actions give rise to liability under the FSLMRS, he alleges that he did not file a grievance with the Federal Labor Relations Authority ("FLRA") because the agency lacks a General Counsel.

Defendants contend that this Court lacks jurisdiction over plaintiff's FSLMRS claim because plaintiff failed to exhaust his administrative remedies.  Specifically, they claim plaintiff was required to file an unfair labor practice charge with the FLRA before filing suit in federal court.  They further contend that any workplace injury claim under the FTCA is preempted by the FECA because plaintiff is a federal employee.  I agree with both of these arguments.

**DISCUSSION**

Under the FSLMRS, Title VII of the Civil Service Reform Act of 1978 ("CSRA"), employees "have the right to form, join, or assist any labor organization … without fear of penalty or reprisal" and "shall be protected in the exercise of such right."  5 U.S.C. § 7102.

Section 7116(a) proscribes certain conduct by agencies as unfair labor practices, namely, an agency may not "interfere with, restrain, or coerce any employee in the exercise by the employee of any right under [the statute]" or "discourage membership in any labor organization by discrimination in connection with hiring, tenure, promotion, or other conditions of employment."

The FSLMRS is "the controlling authority governing labor relations between the federal government and its employees." Brito v. Diamond, 796 F. Supp. 754, 758 (S.D.N.Y. 1992), aff'd, 990 F.2d 1250 (2d Cir. 1993). It provides a complex statutory scheme governing labor relations in the federal sector. The FLRA has primary responsibility for administering this statutory scheme. The FLRA has broad authority to adjudicate claims arising under the statute. See § 7105. "It is settled law that the FLRA has exclusive jurisdiction over Title VII claims." Id. Therefore, a review by a federal court "is only available after [a claim] has been asserted before the FLRA and the agency has rendered a final decision." Id.; see Joseph v. Leavitt, 386 F. Supp. 2d 487, 491 n.7 (S.D.N.Y. 2005) (stating the plaintiff could not assert FSLMRS claim in federal court because it had not yet been exhausted).

Here, plaintiff's allegation that he was retaliated against for his union activities comes within the exclusive purview of the FLRA and a plaintiff must assert it before that agency before the case can come to court. However, plaintiff concedes in the complaint that he intentionally chose to forego this statutory prerequisite. I am therefore precluded from reviewing plaintiff's allegation of retaliation because this claim was never presented to the FLRA and no final decision was ever rendered.

Plaintiff attempts to excuse his failure to exhaust his administrative remedies because the FLRA currently lacks a General Counsel. Another court in this Circuit has already rejected this argument, and I agree that a vacancy does not call into question the validity of the statutory

review scheme.  See Serv. Employees Int'l Union Local 200 United v. Trump, 419 F. Supp. 3d

612, 625 (W.D.N.Y. 2019).  In fact, despite the vacancy, the FLRA continues to perform its

statutory function by accepting claims and issuing decisions.  See, e.g., Nat'l Treasury

Employees Union v. Fed. Labor Relations Auth., 942 F.3d 1154, 1158 (D.C. Cir. 2019)

(reversing a FLRA decision); Fed. Educ. Ass'n v. Fed. Labor Relations Auth., No. 19-cv-284,

2020 WL 1509329 (D.D.C. March 30, 2020) (reviewing two recent FLRA decisions to set aside

arbitration awards).[2]

Plaintiff can bring his emotional-distress claim can only under the FECA, not the FTCA,

unless the Secretary of Laboratory determines that the claim is not covered by the FECA.  "The

FTCA waives the sovereign immunity of the United States for certain torts committed by federal

employees … within the scope of their employment."  Mathirampuzha v. Potter, 548 F.3d 70, 80

(2d Cir. 2008).  "When the tort victim is also a federal employee, however, work-related injuries

are compensable only under the FECA."  Id.; see Votteler v. United States, 904 F.2d 128, 130

(2d Cir. 1990) ("FECA is the exclusive remedy for work-related injuries sustained by federal

employees.") (citation omitted).  Accordingly, the statute "deprives federal courts of subject-

matter jurisdiction to adjudicate claims brought under the FTCA for workplace injuries that are

covered by FECA."  Mathirampuzah, 548 F.3d at 81.

Whether FECA coverage applies must be determined exclusively by the Secretary of

Labor or his designee.  See id.  If the Secretary determines that plaintiff's claim is outside the

scope of FECA, then the claim may proceed under the FTCA in this court.  On the other hand,

"the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA

---

[2] Assuming arguendo the absence of a General Counsel causes some delay in the FLRA proceedings, plaintiff has
not demonstrated how pursuing agency review would subject him to "irreparable injury flowing from delay incident
to the administrative process itself."  Washington v. Barr, 925 F.3d 109, 119 (2d Cir. 2019) (internal citations
omitted).  There is thus no basis to permit plaintiff to bypass agency review.

applies." <u>Sw. Marine, Inc. v. Gizoni</u>, 502 U.S. 81, 90 (1991).  Here, plaintiff has not sought a determination by the Secretary.  Therefore, plaintiff's FTCA claim cannot proceed unless and until the Secretary determines FECA coverage does not apply.

But I will not dismiss plaintiff's FTCA emotional-distress claim for lack of jurisdiction. The Second Circuit has held that the proper course in these circumstances is "to stay the proceedings, hold the claim in abeyance, or otherwise maintain the case on the court's inactive docket so that the plaintiff can file a FECA claim and await a determination by the Secretary regarding FECA coverage." <u>Mathirampuzha</u>, 548 F.3d at 84; <u>see</u> <u>Shuford v. United States</u>, No. 13-cv-6303, 2014 WL 4199408, at *7 (E.D.N.Y. Aug. 21, 2014) (administratively closing the case with leave to reopen within thirty days of a determination by the Secretary of Labor that the plaintiff's claims are not covered by the FECA).

## CONCLUSION

Defendants' [13] motion to dismiss is therefore granted in part and denied in part.  The claim arising under the FSLMRS is dismissed.  As to the remaining FTCA claim, defendants' motion is granted to the extent that the case is stayed.  The Clerk of Court is directed to mark the case administratively closed. Plaintiff may reopen it within thirty (30) days of a determination by the Secretary or his designee that plaintiff's claim is not covered by the FECA, provided that plaintiff shall apply for such a determination within sixty (60) days of the date of this Order.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       July 28, 2020

5